IN THE UNITED STATES FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EILEEN DEHOPE and JOANNE FINEGAN, | * | |
| | * | Civil Action No.: 1:25-cv-01549-TNM |
| Plaintiffs, | * | |
| vs. | * | |
| | * | |
| JONES LANG LASALLE AMERICAS, INC. and WASHINGTON PERFORMING ARTS SOCIETY and NORCHAM WASHINGTON, DC INCORPORATED and CONTROL VIDEO LLC, | * | |
| | * | |
| Defendants. | | |

**ANSWER**

The Defendant, Control Video LLC, by and through Counsel, in response to Plaintiff's Complaint, respectfully submits the following:

**PARTIES**

1. The Defendant denies the allegations contained in paragraph 1 of the Complaint and demands strict proof thereof.

2. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. The Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, the Defendant admits only that the events giving rise to the claim occurred in the District of Columbia.

13. In response to paragraph 13 of the Complaint, the Defendant admits only that the events giving rise to the claim occurred in the District of Columbia.

## COUNT I
**(Personal Injury – Negligence)**

14. In response to paragraph 14 of the Complaint, Defendant hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

15. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Complaint as phrased and demands strict proof thereof.

20. In response to paragraph 20 of the Complaint, the Defendant is without sufficient information or knowledge to admit or deny the allegations regarding whether the Christmas display was sponsored by the Co-Defendants and denies the remaining allegations to Defendant Control Video LLC as phrased and demands strict proof thereof.

21. The Defendant denies the allegations contained in paragraph 21 as of the Complaint as phrased and demands strict proof thereof.

22. The Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24. The Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25. The allegations in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

26. The allegations in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

27. The Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. The Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30. The Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. The Defendant denies the allegations contained in paragraph 32 (including subparts a-k) of the Complaint and demands strict proof thereof.

33. The Defendant denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34. The Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

35. The Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36. The Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37. The Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

## COUNT II
### (Loss of Consortium)

38. In response to paragraph 38 of the Complaint, Defendant hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though the same were fully set forth herein at length.

39. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 of the Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41. The Defendant denies it owes any sum or sums to Plaintiffs, or that Plaintiffs have been injured or damaged to the extent alleged.

42. The Defendant denies any negligence on its part.

43. The Defendant affirmatively states that the claims of the Complaint are barred by Plaintiff's contributory negligence.

44. The Defendant affirmatively states that the claims of the Complaint are barred by Plaintiff's assumption of the risk.

Any allegations not specifically admitted are hereby denied.

The defendant may rely upon all other affirmative defenses that may arise during the course of discovery in this matter.

WHEREFORE, having fully answered the Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## **JURY DEMAND**

Defendant, by counsel, requests that this matter be tried to a jury.

Respectfully submitted,

Control Video LLC
By Counsel:

THE LAW OFFICES OF CHRISTOPHER R. COSTABILE


*/s/ Richard W. Souther*
Richard W. Souther, Esq.
DC Bar No.  502646
<u>Mailing Address</u>:   P.O. Box 7217
London, KY 40742
<u>*For UPS/FedEx/Certified Mail only*</u>:   *10332 Main Street, Box 364, Fairfax, Virginia  22030*
(703) 251-2388
(603) 430-0818 - Fax
richard.souther@libertymutual.com
*Counsel for Defendant Control Video LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent via electronic service only, on this ____11th____ day of June, 2025, pursuant to DCSC Rule 5-I, to the following individual(s):

>Edward L. Norwind, Esq.
>Zachary King, Esq.
>Allia Borowski Esq.
>2273 Research Boulevard
>Suite 200
>Rockville, MD 20850
>*Counsel for Plaintiff*

>                              */s/ Richard W. Souther*
>                              Richard Souther, Esq.