UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EILEEN DEHOPE, et al.** | \* | |
| *Plaintiffs*, | \* | |
| v. | \* | Case No. 1:25-cv-01549-TNM |
| **JONES LANG LASALLE AMERICAS INC.**, *et al.*, | \* | |
| | \* | |
| *Defendants*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT JONES LANG LASALLE AMERICAS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Jones Lang LaSalle Americas, Inc. ("JLL"), by and through its undersigned counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

### JURISDICTION AND PARTIES

1. The allegations in Paragraph 1 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant JLL denies Paragraph 1 and demands strict proof thereof.

2. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 2.

3. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 3.

4. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 4.

5. Paragraph 5 is admitted.

6. Upon information and belief, Paragraph 6 is admitted.

7. Upon information and belief, Paragraph 7 is denied.

8. Upon information and belief, Paragraph 8 is admitted.

9. Paragraph 9 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant JLL admits that based on the Complaint, the parties appear to be diverse.

10. Paragraph 10 seeks a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant JLL admits that the *ad damnum* in the Complaint exceeds the minimum amount necessary to bring a case in federal court.

11. Paragraph 11 is a statement of jurisdiction and does not require a response.

12. Paragraph 12 is a statement of jurisdiction and does not require a response.

13. Paragraph 13 is a statement of venue and does not require a response.

## COUNT I
### (Personal Injury – Negligence)

14. Paragraph 14 is an incorporation clause. Defendant JLL hereby incorporates its prior responses.

15. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 15, the legal effect of which is to deny same and demand strict proof thereof.

16. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 16, the legal effect of which is to deny same and demand strict proof thereof.

17. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 17, the legal effect of which is to deny same and demand strict proof thereof.

18. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 18, the legal effect of which is to deny same and demand strict proof thereof.

19. Upon information and belief, Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 21, the legal effect of which is to deny same and demand strict proof thereof.

22. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 22, the legal effect of which is to deny same and demand strict proof thereof.

23. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 23, the legal effect of which is to deny same and demand strict proof thereof.

24. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 24, the legal effect of which is to deny same and demand strict proof thereof.

25. Paragraph 25 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 25 and demands strict proof thereof.

26. Paragraph 26 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 26 and demands strict proof thereof.

27. Paragraph 27 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 27 and demands strict proof thereof.

28. Paragraph 28 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 28 and demands strict proof thereof.

29. Paragraph 29 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 29 and demands strict proof thereof.

30. Paragraph 30 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 30 and demands strict proof thereof.

31. Paragraph 31 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 31 and demands strict proof thereof.

32. Paragraph 32 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 32 and demands strict proof thereof.

33. Paragraph 33 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 33 and demands strict proof thereof.

34. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 34, the legal effect of which is to deny same and demand strict proof thereof.

35. Paragraph 35 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 35 and demands strict proof thereof.

36. Paragraph 36 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, on behalf of Defendant JLL only, it denies Paragraph 36 and demands strict proof thereof.

37. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 37, the legal effect of which is to deny same and demand strict proof thereof.

## COUNT II
### (Loss of Consortium)

38. Paragraph 38 is an incorporation clause. Defendant JLL hereby incorporates its prior responses.

39. Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 39, the legal effect of which is to deny same and demand strict proof thereof.

40. Paragraph 40 seek a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant JLL lacks sufficient information to admit or deny the factual allegations in Paragraph 40, the legal effect of which is to deny same and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### *First Defense*

Defendant JLL generally denies liability to the Plaintiffs for the cause(s) asserted in the Complaint.

### *Second Defense*

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Defendant JLL.

### *Third Defense*

Defendant JLL did not breach any alleged duty of care owed to Plaintiff DeHope.

### *Fourth Defense*

Plaintiff DeHope's claims may be barred by contributory negligence and/or assumption of risk.

### *Fifth Defense*

No act or omission of Defendant JLL was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Complaint. Additionally, no act and/or omission of

158525549.1    5

Defendant JLL contributed, in any manner, to the incident or injury alleged in the Complaint. Finally, any alleged acts and/or omissions on the part of Defendant JLL were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding, and intervening cause of the incident and injury described in the Complaint.

### *Sixth Defense*

The injuries and damages alleged by Plaintiffs, if any, were proximately caused in whole or in part by acts or omissions of other persons and/or entities over whom Defendant JLL neither exercised, nor had any right of control, for which Defendant JLL is not responsible, and whose conduct Defendant JLL had no duty or reason to anticipate or control. Thus, if any liability is found against Defendant JLL, judgment should be assessed against it only to the extent that it represents the proportionate percentage by which Defendant JLL's acts and/or omissions contributed to Plaintiffs' injuries, if any.

### *Seventh Defense*

Plaintiffs may have failed to mitigate their damages, if any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. Therefore, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### *Eighth Defense*

In the event Defendant JLL is found liable, it is entitled to indemnification and/or contribution from any person or entity whose negligence and/or conduct proximately contributed to the resulting injuries and damages.

*Ninth Defense*

To the extent not covered by the preceding paragraphs and/or affirmative defenses, Defendant JLL denies all factual assertions and claims for liability, and demands strict proof of each element of Plaintiffs' claims.

*Tenth Defense*

Defendant JLL presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Defendant JLL herein reserves the right to assert additional Affirmative Defenses in the event discovery reveals it would be appropriate.

WHEREFORE, for the reasons set forth above, Defendant Jones Lang LaSalle Americas, Inc., respectfully requests that judgment be entered in its favor along with other relief, as this Court deems proper.

*Defendant demands a trial by jury.*

    Respectfully submitted,

/s/ *Kathryn E. Bonorchis*
Kathryn E. Bonorchis, Bar # 977709
Lewis Brisbois Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
Kathryn.Bonorchis@Lewisbrisbois.com
Telephone: 410.525.6409
*Counsel for Defendant Jones Lang LaSalle Americas, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of June, 2025, a copy of the foregoing was served via *CM/ECF* and/or first-class mail, postage prepaid, to:

Edward L. Norwind, Bar No. 936393
Zachary King, Bar No. 499898
Allia Borowski, Bar No. 1601838
Karp, Norwind, Gold & Karp, P.A.
2273 Research Blvd., Suite 200
Rockville, MD 20850
301-948-3800 (phone)
301-948-5449 (fax)
lnorwind@karplawfirm.net
zking@karplawfirm.net
allia@karplawfirm.net
*Counsel for Plaintiffs*

Washington Performing Arts Society
1400 K Street, NW, Suite 500
Washington, D.C. 20005
*Defendant*

Norcham Washington, DC Incorporated
1201 Wilson Blvd.
Arlington, VA 22209
*Defendant*

Control Video LLC
3500 Bladensburg Road
Brentwood, MD 20722

/s/ *Kathryn E. Bonorchis*
Kathryn E. Bonorchis

158525549.1    8