IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EILEEN DEHOPE**, *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **JONES LANG LASALLE AMERICAS, INC.**, *et al.* <br><br> **Defendants.** | Case No.: 1:25-cv-01549-TNM |

### PLAINTIFFS' OPPOSITION TO DEFENDANT NORCHAM WASHINGTON, DC INCORPORATED'S RENEWED MOTION FOR EXTENSION OF TIME FOR DEFENDANT NORCHAM WASHINGTON, DC INCORPORATED TO FILE RESPONSIVE PLEADINGS

**COME NOW**, the Plaintiffs, Eileen DeHope and Joanne Finegan, by and through counsel, and respectfully submit this memorandum in opposition to Defendant NorCham Washington, DC Incorporated's Renewed Motion for Extension of Time for Defendant NorCham Washington, DC Incorporated to File Responsive Pleadings, and in support thereof, state as follows:

The Court has discretion to grant or deny a motion for extension of time to file a responsive pleading. *See, e.g., Ramseur v. Barreto,* 216 F.R.D. 180, 183 (D.D.C. 2003) ("The [court], having found that Defendant's motion for enlargement of time in which to file an opposition to [Plaintiff's] petition was not supported by the requisite showing of excusable neglect, will also exercise the Court's discretion to treat Plaintiff's petition as conceded."); *Stephenson v. Cox,* 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("A district court may exercise its discretion and decide not to consider a late filed response that falls short of the requirements of Rule 6(b) . . . As a result, the court rejects the plaintiff's response, treats the defendants' motion to dismiss as conceded, and dismisses the case."). The standard for review of a motion made after the time has expired is

whether the party failed to act because of "excusable neglect."  *See* Fed. R. Civ. Pro. 6(b)(1)(B).  "Excusable neglect" is "an equitable concept that considers all relevant circumstances surrounding the failure to act."  *Bolanos-Reynoso v. Vilsack*, 2024 U.S. Dist. LEXIS 189620, *2 (D.D.C. 2024) (quoting *Cohen v. Bd. of Trustees of Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016)).  The Court may consider four non-exhaustive factors: (1) the danger of prejudice to the party opposing the modification; (2) the length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*. at *3.  In this case, factors two and three weigh in favor of denying Defendant's renewed motion.

Defendant NorCham failed to respond to the Complaint and delayed any response to the Court for 73 days.  First, the delay is significant.  This is not a delay of a few days or even a few weeks, but over two months.  In addition, Defendant NorCham knew prior to the Complaint being filed that Plaintiffs had made a claim against them.  More than a year before filing the Complaint, Plaintiffs discovered that both NorCham and Washington Performing Arts were heavily involved in the production of the Union Station Christmas display and directly responsible for the arrangement of the display.  Plaintiffs' counsel sent a letter of representation to Chloe Friberg at NorCham Washington, DC Inc. on February 7, 2024.  In that letter of representation, Plaintiffs' counsel indicated that they represented Plaintiff Eileen DeHope and set forth all the facts of her unfortunate fall in Union Station, including the date of the fall, the location of the fall, and her injuries.  Plaintiffs' counsel provided an Amtrak police incident number and an Amtrak claim number.  Plaintiffs' counsel also alerted NorCham to the fact that litigation regarding this claim would be imminent, and advised NorCham to preserve all records, video, data, etc. regarding the incident, and to direct all future communications regarding the claim to Plaintiffs' counsel's office.

On February 22, 2024, Ms. Friberg responded to the letter via email, confirming receipt of the letter and stating that the claim was being handled by Washington Performing Arts and Control Video.  Therefore, Defendant NorCham was made aware of the details of Plaintiffs' claim and confirmed receipt of the letter over a year before the Complaint was filed, and they still failed to properly respond to the Complaint for over two months.

It is unreasonable, and not merely excusable neglect, to delay the filing of a responsive pleading for over two months due to complications regarding the tender of the claim.  Letters of representation were sent to all of the defendants well before the Complaint was filed.  Plaintiffs' counsel engaged in multiple communications with all of the defendants and their representatives in the months leading up to the filing of the Complaint.  Now Defendant NorCham is claiming that there was a "delayed analysis of coverage" which in turn delayed the filing of responsive documents.  Any coverage issues between the defendants have nothing to do with a properly served defendant filing a responsive pleading, or at the very least contacting Plaintiffs' counsel to request an extension.  The defendants had over a year to resolve any coverage issues before the Complaint was filed.

One case from another jurisdiction that is instructive is *Empire Lath & Plaster v. American Casualty Co.*, 256 Mont. 413 (1993).  In that case, the Montana Supreme Court affirmed a lower court's ruling that denied a defendant's motion to set aside a default judgment.  The defendant, a bonding company, assigned the defense of a subcontractor to the general contractor.  The general contractor failed to answer the complaint or make an appearance at trial and claimed that it never received the bonding company's letter regarding the subcontractor's action.  The defendant bonding company claimed that the failure to ensure that the general contractor responded was "excusable neglect."  The court disagreed.  Similarly, in this case, Defendant NorCham is claiming

3

that it thought its pre-suit communications had been sufficient and failed to follow up to ensure that the tender had been accepted. This is not excusable neglect; it is carelessness that does not justify relief.

NorCham outside counsel's business travel in the summer of 2025 also fails to meet the standard for excusable neglect. No one from NorCham contacted Plaintiffs' counsel after the Complaint was filed to request a delay or extension in filing a responsive pleading. Also, Defendant NorCham's defenses to the claim also have nothing to do with the delay in responding to the Complaint. The existence of any defenses does not permit a defendant to ignore a Complaint for over two months. Even if a defendant plans on filing a motion to dismiss, that responsive pleading must be filed within 21 days of the service of the Complaint.

Ultimately, the "excuses" offered by Defendant NorCham for the delay in responding to the Complaint exhibit more of a flouting of the Court's rules than a showing of excusable neglect. Defendant NorCham was the party properly served, and they have the responsibility to seek relief from the deadline to answer the Complaint. A belated, or confused, or miscommunicated tender of NorCham's defense to Washington Performing Arts Society does not excuse Defendant NorCham's requirement to comply with Court rules. The existence of perceived factual defenses to the claims in the Complaint, and the business travel over the summer, and any other excuse cited in Defendant's motion are insufficient to be considered "excusable neglect."

**WHEREFORE,** Plaintiffs respectfully request that the Court deny Defendant NorCham Washington, DC Incorporated's Renewed Motion for Extension of Time for Defendant NorCham Washington, DC Incorporated to File Responsive Pleadings.

> Respectfully Submitted,
> **KARP, NORWIND, GOLD & KARP, P.A.**
>
>
> *S/ Edward Lee Norwind*
> ✓**Edward Lee Norwind, Bar No. 936393**
> lnorwind@karplawfirm.net
> Zachary King, Bar No. 499898
> zking@karplawfirm.net
> Allia Borowski, Bar No. 1601838
> allia@karplawfirm.net
> 2273 Research Boulevard, Suite 200
> Rockville, Maryland 20850
> 301-948-3800 – phone
> 301-948-5449 – fax
> *Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing ***Plaintiffs' Opposition to Defendant NorCham Washington, DC Incorporated's Renewed Motion for Extension of Time for Defendant NorCham Washington, DC Incorporated to File Responsive Pleadings*** was served via electronic mail using the Court's ECF system with its automatic notice to all counsel of record.

> */S/ Edward Lee Norwind*
> Edward Lee Norwind

5