UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EILEEN DEHOPE,** *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**JONES LANG LASALLE AMERICAS, INC.,** *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-1549 (TNM) |

### MEMORANDUM ORDER

  Eileen DeHope's visit to the Nation's capital took an unfortunate turn. Soon after arriving, she tripped over a cord protector powering a Christmas display in Union Station. To recover for her injuries, she sued the group that manages Union Station, the contractor that placed the cord, and the two display sponsors. The Court considers now only the claims against the two sponsors, who move to dismiss those claims. Also before the Court are several motions related to one sponsor's untimely motion to dismiss. For the reasons below, the Court accepts the late filing and denies both motions to dismiss.

### I.

  In December 2023, DeHope traveled by train to Washington, D.C., from her Pennsylvania home. Compl. ¶¶ 2, 15, ECF No. 1. A friend greeted her in Union Station's main hall. *Id.* ¶ 16. The pair walked through the hall past an assembly site for a Christmas display. *Id.* ¶¶ 18–19, 21. That set-up activity funneled pedestrians "into a narrow area between the display and a fence." *Id.* ¶ 21. Unbeknownst to DeHope, a two-inch tall cord protector spanned the walkway. *Id.* ¶¶ 21–23. DeHope's "foot came into contact with the outdoor electrical cord

protector, and she fell." *Id.* ¶ 24. She hurt her shoulder and sustained neurological damage. *Id.* ¶ 36.

To recover for those injuries, DeHope and her wife sue the four entities they say are responsible. That includes the group that "managed, operated, and maintained" the hall and the contractor that placed the cord. Compl. ¶¶ 17, 21. Most importantly here, DeHope also sued the two Christmas display "sponsor[s]," Washington Performing Arts Society ("WPAS") and NorCham Washington, DC Incorporated ("NorCham"). *Id.* ¶ 20. Plaintiffs bring the same negligence and loss of consortium claim against each defendant. *Id.* ¶¶ 14–40.

WPAS timely moved to dismiss the Complaint under Rule 12(b)(6). *See* WPAS Mot. Dismiss, ECF No. 15-1. About two and a half months later (after the answer deadline), NorCham filed a similar motion. *See* NorCham Mot. to Dismiss, ECF No. 28-1. That tardy motion led to a flurry of filings. *See* Mot. for Extension of Time, ECF No. 32; Mot. to Strike NorCham's Mot. to Dismiss, ECF No. 33. And the Clerk entered a default against NorCham. *See* Entry of Default, ECF No. 34. While NorCham asks the Court to set that default aside, DeHope seeks default judgment. Mot. to Set Aside Default, ECF No. 39; Mot. for Default J., ECF No. 35. All these motions are now ripe.[1]

## II.

Start with the motions stemming from NorCham's late filing. NorCham asks the Court to set aside the Clerk's default, *see* ECF No. 39, and to extend its answer deadline, ECF No. 32. Meanwhile, DeHope asks the Court to strike NorCham's motion to dismiss, ECF No. 33, and to

---

[1] The Court has subject matter jurisdiction over DeHope's claims against WPAS and NorCham. *See* 28 U.S.C. § 1332.

enter default judgment, ECF No. 35.  Because NorCham did not willfully ignore this lawsuit, the Court grants NorCham's motions and denies DeHope's motions.

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine whether "good cause" exists, courts consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  *Keegel v. Key W. & Caribbean Trading Co.,* 627 F.2d 372, 373 (D.C. Cir. 1980).  These factors are not exclusive.  *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016).  And the Court applies the "good cause" standard with a preference for merits-based adjudication.  *See Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C. Cir. 1980).

NorCham has shown good cause for setting aside the default.  Most importantly, NorCham's two-and-a-half-month delay did not prejudice DeHope.  *See Barros v. Gov't Emps. Ins. Co., Inc.*, 79 F. Supp. 3d 32, 42 (D.D.C. 2015) (finding that a late motion to dismiss worked no prejudice because the "litigation is in such an early stage of proceedings").  More, NorCham's mistaken belief that it tendered representation to WPAS, *see* Friberg Aff. ¶¶ 14–16, ECF No. 39-4, suggests a "negligent filing error," not "a deliberate decision to default," *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 156 (D.D.C. 2016) (cleaned up).  Finally, NorCham offers a meritorious defense—that it owed DeHope no duty of care.  Although that defense does not earn dismissal at this stage, it "would constitute a complete defense" if "proven at trial."  *Keegel*, 627 F.2d at 374 (cleaned up).  That justifies setting aside the default.

For these reasons, the Court also grants NorCham's motion to extend its answer deadline.  A court can retroactively extend a filing deadline "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The same facts that show "good cause" for setting aside the default also show that "excusable neglect" caused NorCham's delay.  *See In re Vitamins*

*Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (listing "excusable neglect" factors that overlap with the Rule 55's "good cause" factors).

Finally, because the Court grants NorCham's motions, it denies DeHope's motion for default judgment, ECF No. 35, and motion to strike, ECF No. 33. So NorCham's dismissal motion is properly considered alongside WPAS's motion. To these the Court now turns.

### III.

Under D.C. law, a plaintiff bringing a negligence claim must show: "(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016) (citation omitted).[2] NorCham and WPAS challenge DeHope's allegations that they owed her a duty and that they caused her injuries.

To survive these Rule 12(b)(6) motions, DeHope's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). That requires "factual content that allows the court to draw the reasonable inference" that WPAS and NorCham are liable for "the misconduct alleged." *Id.* Though the Complaint is not a model pleading, it gives just enough to survive dismissal.

---

[2] The Court agrees with the parties that D.C. law governs the negligence claim. *See Hawkins v. Wash. Metro. Area Transit Auth.*, 311 F. Supp. 3d 94, 104 (D.D.C. 2018) (concluding that D.C. law governed when "alleged injury occurred in the District of Columbia, as did the tortious conduct," even though plaintiffs resided out-of-district). And the Court addresses only the negligence claim here because Defendants offer no standalone argument for dismissing the loss of consortium claim. *See* WPAS Mot. to Dismiss at 5; NorCham Mot. to Dismiss at 5. The parties should, however, consider whether D.C. law governs the loss of consortium claim. *See Stutsman v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 546 A.2d 367, 374 (D.C. 1988) (explaining that D.C. "has little, if any, interest in the marital relationship" of out-of-District residents); *accord Hartley v. Dombrowski*, 744 F. Supp. 2d 328, 339 (D.D.C. 2010).

*First*, DeHope plausibly alleges that NorCham and WPAS owed her a duty. D.C. law creates a duty to use reasonable care in addressing hazardous conditions if an individual (1) had "control over the condition" as an owner or occupier of the premises and (2) "had actual or constructive notice of the condition." *Campbell v. Noble*, 962 A.2d 264, 266 (D.C. 2008). Construing the Complaint charitably, it plausibly alleges that WPAS and NorCham controlled the hazard as occupiers of the hall because their display set-up contractor—Control Video LLC—placed the cord. *See* Compl. ¶ 21. Although the Complaint does not specifically say that NorCham and WPAS hired Control Video, the same paragraph that identifies NorCham and WPAS as the Christmas display "sponsor[s]" alleges that Control Video was "hired to assemble the display." *Id.* ¶ 20. The "reasonable inference" the Court must draw in DeHope's favor is that Control Video acted as NorCham's and WPAS's agent in setting up the display. *See Singletary v. Howard Univ.*, 939 F.3d 287, 302 (D.C. Cir. 2019). And an entity is liable for a dangerous condition created by its agent. *See Croce v. Hall*, 657 A.2d 307, 310 n.6 (D.C. 1995). More, DeHope alleges that Defendants "consented to the placement of" and "[p]ermit[ed] a contractor to place" the cord, both of which imply knowledge of the hazard. Compl. ¶¶ 31, 32(b). While hardly specific, these allegations are enough to survive dismissal.

*Second*, DeHope plausibly alleges that NorCham's and WPAS's failure to fix the hazard caused her harm. Causation under D.C. law has two components: factual causation "and a policy element which limits a defendant's liability when the chain of events leading to the plaintiff's injury is unforeseeable or highly extraordinary in retrospect." *Majeska v. District of Columbia*, 812 A.2d 948, 950 (D.C. 2002) (cleaned up). DeHope covers both prongs. She alleges that the cord placement was a cause-in-fact of her injuries—she says she tripped because of it. Compl. ¶ 24. And she plausibly alleges her injury was "foreseeable" and not "highly

5

extraordinary" by alleging that the cord protector was hidden. *Majeska*, 812 A.2d at 950–51; *see* Compl. ¶¶ 22–23. That is enough for now.

## IV.

WPAS and NorCham raise legitimate questions about their liability for DeHope's harm. They may continue to develop those arguments. But, for now, DeHope alleges just enough to pass the pleading stage's low bar.

For all these reasons, it is hereby

**ORDERED** that NorCham's [32] Motion for Extension of Time to File Answer and [39] Motion to Set Aside Default are **GRANTED**; and it is further

**ORDERED** that Plaintiffs' [33] Motion to Strike and [35] Motion for Default Judgment are **DENIED**; and it is further

**ORDERED** that Washington Performing Arts Society's [15] Motion to Dismiss and NorCham's [28] Motion to Dismiss are **DENIED**.

Dated:  December 11, 2025                                      TREVOR N. McFADDEN, U.S.D.J.